UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MICHAEL D. HICKINGBOTTOM, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 2:16-CV-393 JD |
| MARY K. RYAN, | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Michael D. Hickingbottom, a *pro se* prisoner, filed this complaint under 42 U.S.C. § 1983 against Lake County Deputy Prosecutor Mary K. Ryan. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hickingbottom is currently an inmate at the New Castle Correctional Facility. He claims that the prosecutor in his 2004 state criminal trial had a police report in her possession wherein Antonio Guzman provided a statement that he was robbed by both Hickingbottom and Maurice Reed. Before trial, this police report was provided to his attorney, Theresa Hollandsworth, but was never disclosed to Hickingbottom or the jury. At trial, Ryan put Maurice Reed on the stand, where he testified that he had no participation in the robbery. Hickingbottom was ultimately

1

convicted. Hickingbottom believes that the failure to disclose the police report to him at trial violates *Brady v. Maryland*, 373 U.S. 83 (1963), which imposes a duty on the prosecutor to turn over impeaching or exculpatory evidence to the accused in advance of trial. *Id.* He seeks money damages against Mary Ryan.

As a threshold matter, based on the allegations of the complaint, it is not plausible to find any *Brady* violation occurred. "To establish a *Brady* violation, the defendant must prove three elements: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the Government, either willfully or inadvertently; and (3) the denial was prejudicial." *United States v. Roberts*, 534 F.3d 560, 572 (7th Cir. 2008). Here, while Hickingbottom and the jury may have been unaware of the police report at trial, Hickingbottom concedes that Ryan provided it to his counsel before trial. (DE 1 at 2, 3.) Because Ryan provided the police report to Hickingbottom's counsel, it was not suppressed and there was no *Brady* violation.

Nevertheless, even if Ryan committed a *Brady* violation at trial, Hickingbottom's claim for money damages against her is barred by the doctrine of prosecutorial immunity. The prosecutor is entitled to absolute immunity for her actions "in initiating a prosecution and in presenting the State's case" against Hickingbottom. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Though Hickingbottom alleges that Ryan committed a *Brady* violation when

2

the case was presented to the jury, that is a prosecutorial act for which prosecutors, such as Ryan, have absolute immunity. *Fields v. Wharrie*, 740 F.3d 1107, 1115 (7th Cir. 2014). Thus, the complaint does not state any claim against Mary Ryan.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the immunity of the prosecutor.

As a final matter, Hickingbottom seemingly complains that he was wrongly convicted in 2004. He cannot have his state conviction overturned in a section 1983 civil rights action. Instead, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September 21, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court